## SIMPSON–FELL OIL CO. et al. v. STANOLIND OIL & GAS CO. et al.

### No. 6995.

Supreme Court of Texas.

Oct. 9, 1935.

For former opinion, see 125 S.W.2d 263.

Edwin Lacy, Angus G. Wynne, and Jack E. Price, all of Longview, Harris & Harris, of Austin, Fred V. Hughes, of Tyler, and George Otey, of Ardmore, Okl., for plaintiffs in error.

Turner, Rodgers & Winn and C. R. Winn, all of Dallas, for defendant in error Stanolind Oil & Gas.

Thompson, Knight, Baker, Harris & Wright and Lewis Dabney, all of Dallas, for defendant in error Simms Oil Co.

Brachfield & Wolfe, of Henderson, and John Broughton, Walter C. Clemons, and John E. Green, Jr., all of Houston, Texas, for defendant in error Gulf Production Co.

PER CURIAM.

■ While adhering to the general principles of law announced in the original opinion in this case, reported in 125 S.W.2d

724

263, the Court is of the opinion that there was error in affirming judgment of the Court of Civil Appeals, 85 S.W.2d 325, which reversed and rendered judgment of the district court. This is based on the conclusion that it was not shown as a matter of law that there had been such a course of dealing on the part of Leland Fikes and those holding under him with reference to the 50-acre tract as amounted to a "ratification of the action of Burris in assigning the oil, gas and mineral leases in the south 200 acres." The Court is of the opinion that an issue of fact is presented in this respect, and that upon this theory the case was not fully developed.

The Court is further of the opinion that in determining the question of whether or not Fikes at the time he made his lease to Magnolia Petroleum Company could have fully satisfied his interest out of the 50 acres, and upon the question of whether or not a recovery by plaintiffs of their undivided interest in the south 200 acres will injuriously affect or impair the equitable interests of defendants as to said 200 acres, the burden of proof is upon the defendants. To this end it is suggested that Fikes, the Magnolia Petroleum Company, and all parties interested under them in the 50 acres be made parties to this action.

The motion for rehearing is granted, and the judgments of the Court of Civil Appeals and district court are both reversed, and the cause is remanded to the district court for a new trial.